IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| NAEEM M. ABDURRAHMAN, | § | |
| --- | --- | --- |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| THE UNIVERSITY OF TEXAS, | § | |
| DALE E. KLEIN, | § | CIVIL ACTION NO. A 00 CA 813 JN |
| LARRY R. FAULKNER, | § | |
| SHELDON EKLAND-OLSON, | § | |
| BEN G. STREETMAN, | § | |
| NEAL E. ARMSTRONG, | § | |
| SHELDON LANDSBERGER and | § | |
| J. PARKER LAMB, | § | |
| *Defendants.* | § | |

## DEFENDANTS' REPLY TO PLAINTIFF'S UNOPPOSED MOTION FOR RECONSIDERATION OF DISMISSAL OF CLAIMS

COME NOW Defendants, THE UNIVERSITY OF TEXAS, DALE E. KLEIN, LARRY R. FAULKNER, SHELDON EKLAND-OLSON, BEN G. STREETMAN, NEAL E. ARMSTRONG, SHOLDON LANDSBERGER AND J. PARKER LAMB, ("Defendants") and file this Reply to Plaintiff's Unopposed Motion for Reconsideration of Dismissal of Claims

### I. BACKGROUND

In their Motion to Dismiss, filed May 4, 2001, Defendants requested this Court dismiss all claims against the University of Texas, as well as the claims brought against the individual Defendants in their official capacity. The Motion was granted by this Court in its Order of May 22, 2001, but the Order was vacated by the Order of June 1, 2001 following the filing of Plaintiff's Unopposed Motion for Reconsideration of Dismissal of Claims. Plaintiff stated in his

Unopposed Motion for Reconsideration of Dismissal of Claims that he is not opposed to dismissal of Plaintiff's claims for damages against the University of Texas and the individual Defendants in their official capacities. However, the Plaintiff argued that Eleventh Amendment immunity would not bar claims for relief under federal law, and that the University was a proper defendant to his Title VI claim. This Court requested the Defendants reply to the portions of Plaintiff's motion dealing with the substantive dismissal of claims.

## II. NO RELIEF IS AVAILABLE AGAINST UNIVERSITY AND NO MONETARY RELIEF IS AVAILABLE AGAINST OFFICIAL CAPACITY INDIVIDUALS UNDER 42 U.S.C. § 1981/1983

Eleventh Amendment immunity bars a 42 U.S.C. §1981 or 1983 suit for any relief against the state or a state agency, and for any retrospective relief against a state official in his/her official capacity. *See Jett v. Dallas Independent School Dist.*, 798 F.2d 748, 762n.13 (5th Cir. 1986), aff'd in part, rem'd in part on other grounds, 491 U.S. 701, 109 S.Ct. 2702 (1989), *citing Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir. 1981). By his suit, the Plaintiff is seeking lost pay and benefits, compensatory damages, punitive damages, costs, and attorney fees in addition to reinstatement.

Unlike Title VII, Section 1983 contains no congressional waiver of the state's Eleventh Amendment immunity. This indicates that Congress did not intend by the general language of the Civil Rights Act of 1871 to invoke its fourteenth amendment power. *Quern v. Jordan*, 440 U.S. 332, 342, 99 S.Ct. 1139, 1146 (1979). Further, States and agencies of the State, such as the University of Texas, are not "persons" who may be sued under 42 U.S.C. §1983. *Cheramie v. Tucker*, 493 F.2d 586, 589 (5th Cir. 1974), *cert. denied* 419 U.S. 868, 95 S.Ct. 126 (1974).

The Eleventh Amendment immunity jurisdictional bar inures to state agencies and

officials acting in their official capacity regardless of the relief the plaintiff seeks.[1] *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1984); *Chiz's Motel & Restaurant v. Mississippi State Tax Comm.*, 750 F.2d 1305, 1307 (5th Cir. 1985). The individual Defendants maintain their affirmative defense of qualified immunity to Plaintiff's claims, but concede that any non-monetary, prospective injunctive relief sought against the individual Defendants in their official capacity will survive until summary judgment. However, with this lone exception, the individual Defendants, in their official capacity, should be dismissed from this suit.

### III. TITLE VI IS NOT APPLICABLE

Plaintiff was an employee of Defendant, The University of Texas at Austin. Though Plaintiff's counsel makes a creative argument for why Title VI should serve as a basis for his suit, Plaintiff's own pleadings make it abundantly clear that this suit does not invoke the protections of Title VI.

---

[1] The "Ex Parte Young fiction" is this: illegal acts by state officials cannot be considered to have been done under the state's authority, and, therefore, any suit against a state official in his official capacity for such an illegal act is not a suit against the state. This concept, in conjunction with the Eleventh Amendment, creates the rule that retrospective, monetary relief against a state official in his official capacity is barred, but that official-capacity damage claims for prospective, equitable relief are within the jurisdiction of the court. *Brennan v. Steward*, 834 F.2d 1248, 1253 (5th Cir. 1988), citing *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908). The Supreme Court, however, has never extended the *Ex parte Young* fiction to states or state agencies themselves. In holding that a state agency was immune from damages or injunctive relief under the Eleventh Amendment, the Fifth Circuit has held that "the [Supreme] Court's prior decisions establish that a state *qua* state cannot be sued for damages *or* injunctive relief, absent waiver or abrogation. Consequently, the source of the damages is irrelevant when the suit is against the state itself or a state agency." *Cronen v. Texas Department of Human Services*, 977 F.2d 934, 938 (5th Cir. 1992)(citation omitted)(emphasis in original). Thus, there can be no relief against the University of Texas under 42 U.S.C. § 1981 or 1983 in this case, or against the individual Defendants in their official capacities for any monetary relief.

The purpose of Title VI (42 U.S.C. § 2000d) is to insure that participants in federally funded programs are not discriminated against on the basis of their color, race, or national origin. *See* 34 C.F.R. § 100.1. However, the C.F.R. regulations governing the enforcement of Title VI, including the anti-retaliation provision, specifically do not apply to "any employment practice, or any employer, employment agency, or labor organization . . .." 34 C.F.R. § 100.2.

Citing *Lowrey v. Texas A & M University System*, 117 F.3d 242 (5th Cir. 1997) Plaintiff claims in his Unopposed Motion for Reconsideration of Dismissal of Claims that his claims under Title VI are not subsumed within Title VII, since retaliation for complaints under Title VI would not necessarily be addressed under Title VII. This might be true, provided Plaintiff had articulated any colorable claim under Title VI.

As Plaintiff's Original Complaint makes clear, the Plaintiff alleges he has a claim under Title VI since he voiced "criticism" of the ANRC program to others, stating that the program had "serious problems" regarding an alleged "misuse of allocated funds."[2]

Title VI is not a de facto federal whistleblower statute -- it is a law to prohibit such things as denying financial aid to an individual based on his race. *See* 34 C.F.R. § 100.3(b)(ii). Quite simply, this case does not raise Title VI issues, as the Plaintiff has never alleged his complaints of any misallocation of funds in the ANRC program were the result of racial discrimination against a person or class of individuals.

The utter lack of any racial component to the Plaintiff's alleged complaints regarding the funding of the ANRC program is what distinguishes this case from the case of *Lowrey*. Indeed,

---

[2] Plaintiff's Original Complaint, ¶¶ 4.21 - 4.23; *and see* Plaintiff's Memorandum in Opposition To Individual Defendants' Motion for Rule 7 Reply, pp. 2-3.

ABDURRAHMAN - Reply to Unopposed Motion for Reconsideration of Dismissal         Page 4

the court in *Lowrey* was careful to require a threshold determination of the applicability of the Title before allowing recovery under either Title VI.[3] *Lowrey*, 117 F.3d at 250.

The court in *Lowrey* determined that the plaintiff in that case had specifically alleged complaints about the systematic misallocation of resources among male and female athletes at the university, thus triggering the protections of the Title IX anti-retaliation laws found at 34 C.F.R. § 100.7(e). *Id.* The Plaintiff in the case at bar has made no allegations in his Original Complaint that his concerns with the funding of the ANRC program had anything to do with color, race, or national origin. Thus, the Plaintiff is not a member of the class of individuals for whom Title VI was enacted, and the anti-retaliation provisions for Title VI are not available to the Plaintiff to pursue relief in this court against any defendant in any capacity.

## IV. CONCLUSION

Plaintiff has stated in his Unopposed Motion for Reconsideration of Dismissal of Claims that he is not opposed to the dismissal of damage claims against the University of Texas and the individual defendants in their official capacities. In accordance with this Court's Order of June 1, 2001, the Defendants have, herein, replied to the portions of Plaintiff's motion dealing with the substantive dismissal of claims. Defendants pray this Court enter an Order dismissing the University of Texas, as well as any monetary damage claims pleaded against the individual Defendants in their official capacities, and dismiss any claims brought against Defendants under Title VI.

---

[3] The *Lowrey* case addressed the application of Title IX (gender discrimination), however the anti-retaliation regulation governing the enforcement of Title IX is the same as Title VI. *Lowrey*, 117 F.3d at 249 n.9.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

TONI HUNTER
Chief, General Litigation Division

MAUREEN MCCARTHY FRANZ
Texas Bar No. 24011516
Attorney-in-Charge
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent via certified mail, return receipt requested on July 9, 2001 to:

David T. Lopez
David T. Lopez & Assoc.
3900 Montrose Boulevard
Houston, Texas 77006-4959

MAUREEN MCCARTHY FRANZ
Assistant Attorney General