FILED

JUL 2 6 2001

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| NAEEM M. ABDURRAHMAN | § § | |
| v. | § | CIVIL NO. A-00-CA-813 JN |
| | § | |
| THE UNIVERSITY OF TEXAS, et. al. | § | |

**ORDER**

Before the Court is the Defendants' Motion to Dismiss (Clerk's Doc. No. 13) filed 4 May 2001, Plaintiff's Unopposed Motion for Reconsideration of Dismissal of Claims (Clerk's Doc. No. 15) filed 30 May 2001, Defendants' Reply to Plaintiff's Unopposed Motion for Reconsideration of Dismissal of Claims (Clerk's Doc. No. 19) filed 9 July 2001, and Plaintiff's Second Supplemental Memorandum in Support of His Unopposed Motion for Reconsideration of Dismissal (Clerk's Doc. No. 20) filed 13 July 2001. Upon review of these documents, the entire case file, and the applicable legal authorities, the Court enters the following Order.

Plaintiff and Defendants appear to be in agreement on the disposition of most of Plaintiff's claims at this stage of the proceedings. Both appear to agree that the Eleventh Amendment bars Plaintiff's 42 U.S.C. § 1983 and 42 U.S.C. § 1981 claims against the University of Texas. The parties also seem to agree that relief against the individual defendants in their official capacities is limited to prospective injunctive relief. The main issue of contention in Defendants' Motion to Dismiss is whether Plaintiff's Title VI claim against the University of Texas should be dismissed. The Court is of the opinion that it should not be. The Court cannot say that Plaintiff could not produce any set of facts to support a Title VI claim. Title VI, 42 U.S.C. § 2000d, prohibits any person from being "excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance" "on the ground of race, color, or national origin." Plaintiff's Original Petition states that "[t]he actions of Defendants Kleim, Landsberger and Lamb were motivated not only by Dr.

Abdurrahman's complaints in the public interest about the ANRC program, but also by intentional discrimination against Dr. Abdurrahman because of his racial background." While it is doubtful that Plaintiff will be able to make out a *prima facie* case under Title VI, it *may*[1] be possible if, for example, Plaintiff were to show that he was retaliated against differently than other "whistle blowers" on the basis of his race.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendants' Motion to Dismiss (Clerk's Doc. No. 13) is hereby GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff's 42 U.S.C. §§ 1981 and 1983 claims against The University of Texas are hereby DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's 42 U.S.C. §§ 1981 and 1983 claims for monetary damages against the individual defendants in their official capacities are hereby DISMISSED.

SIGNED AND ENTERED this 26th day of July, 2001.

JAMES R. NOWLIN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The parties' briefing on the Title VI issue left a bit to be desired. Should they wish to present this issue in a motion for summary judgment, the Court would strongly encourage the parties to do a thorough job and not to assume that the Court will do all the heavy lifting as long as the issue is merely raised.