

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NAEEM M. ABDURRAHMAN,<br>*Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§<br>§ | |
| THE UNIVERSITY OF TEXAS,<br>DALE E. KLEIN,<br>LARRY R. FAULKNER,<br>SHELDON EKLAND-OLSON,<br>BEN G. STREETMAN,<br>NEAL E. ARMSTRONG,<br>SHELDON LANDSBERGER and<br>J. PARKER LAMB,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. A 00 CA 813 JN |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S RULE 59 MOTION FOR RECONSIDERATION

Plaintiff's motion for reconsideration simply reasserts in cursory fashion four arguments that were unsuccessful in his opposition to defendants' motion for summary judgment. First, plaintiff complains that the Court's discretionary decision to waive local rule 12 was "unfair." Second, he misconstrues this Court's analysis of defendants' entitlement to qualified immunity regarding plaintiff's 42 U.S.C. § 1981 claim. Third, he persists in attempting to create a First Amendment issue out of an e-mail. Finally, he repeats his "evidence" in support of a Title VI claim, and, as before, that evidence fails to meet the criteria for such a claim. As plaintiff has offered no new analysis, defendants submit that there is no legitimate basis for reconsideration of this Court's Order and Final Judgment of February 12, 2002 (Order) and that plaintiff's motion should be denied.

At the outset, plaintiff complains that defendants were permitted to raise their qualified

immunity defenses beyond the thirty day limit set forth in Local Rule CV-12. While implicitly conceding that the Court had discretion to waive the local rule, plaintiff contends that it did so arbitrarily. In fact, in their reply brief defendants devoted six full pages to providing a detailed explanation/excuse for any perceived failure to have complied with Local Rule CV-12, which the Court presumably found persuasive. Plaintiff's motion for reconsideration, however, fails to address defendant's briefing.[1]

Similarly, plaintiff's claim of "unfairness" deserve little heed. Although he avers that despite limiting discovery, the Court nonetheless granted summary judgment to defendant

---

[1] In particular, defendants explained the procedural history of this case, including: that on March 12, 2001, the same date that defendants' filed their answer raising qualified immunity as an affirmative defense, they also filed a motion for a Rule 7 Reply on that issue and a motion to stay discovery except on the limited issue of whether the defense of qualified immunity was available to defendants. On March 22, 2001, the Court simultaneously denied defendants' motion for a Rule 7 reply and issued an order staying discovery "except on the limited issue of whether the defense of qualified immunity is available to Defendants . . . , until the Court rules on said issue of qualified immunity." No deadline was set for the filing of a separate motion regarding qualified immunity, either by the Court or by the parties.

Moreover, on April 26, 2001, the parties submitted a joint scheduling order providing that the parties would conclude discovery by September 14 and that "all dispositive motions shall be filed no later than September 28, 2001." If, as plaintiff contended in his opposition to defendants' motion for summary judgment, defendants were required to have filed a motion on qualified immunity no later than thirty days after their March 12 answer, then he had no business agreeing to an open ended order regarding "all dispositive motions." Additionally, as plaintiff's counsel was well aware, defendants' former counsel became extremely ill during the summer of 2001 and plaintiff's counsel even prepared and filed a joint motion on July 30, 2001, to extend the discovery deadline, citing her illness. The motion sought extension of the discovery cutoff until October 15, 2001 and an extension until October 29, 2001, of the deadline for filing dispositive motions. The Court granted this joint motion in an order dated August 2, 2001. Once again, there was no mention made of any separate deadline for the filing of a motion raising qualified immunity.

At no time did plaintiff seek a ruling exempting motions concerning qualified immunity from the plain language of the Court ordered dispositive motion deadline, even though he knew full well that defendants intended to file such a motion. Likewise, he did not seek an order to remove the restriction on the scope of discovery on the purported ground that defendants had failed to meet some hypothetical deadline for filing a motion on qualified immunity.

"contending that the plaintiff had not made a sufficient showing of racially invidious discrimination (Pltf's motion for reconsideration at 3), in fact, the Court granted summary judgment to defendants on the § 1981 issue on the ground that they were entitled to qualified immunity, <u>the very issue on which plaintiff was granted unrestricted discovery</u>. Thus, he suffered absolutely no prejudice as a result of the order limiting discovery to the qualified immunity issue.

Regarding plaintiff's contention that the Court improperly granted defendants summary judgment as to his § 1981 claim based upon the defense of qualified immunity, plaintiff's argument springs from a thorough misapprehension of his burden in responding to a motion for summary judgment. Although black letter caselaw declares that in order to be "clearly established" for qualified immunity purposes, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right," Anderson v. Creighton, 483 U.S. 635, 640 (1987), absent in plaintiff's motion for reconsideration is any discussion of the objective reasonableness of defendants' actions.[2] Instead, despite having been taken to task by the Court in its Order for his failure to have made more than a cursory argument in response to defendants' detailed discussion of the objective reasonableness of their respective actions, plaintiff commits the same error anew. Yet again, he does nothing more than pound the table with the unassailable argument that, in the abstract, it is clearly established that discrimination on account

---

[2] Quoting from the Eleventh Circuit, the Fifth Circuit has observed, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law *in the circumstances*." Pierce v. Smith, 117 F.3d 866, 882 (5th Cir. 1997), quoting, Lassiter v. Alabama A.&M. University, 28 F.3d 1146, 1150 (11th Cir. 1994)(en banc).

of race is illegal. According to plaintiff's world view, all a minority plaintiff need ever do to defeat a motion for summary judgment based upon qualified immunity is allege an adverse outcome and aver that defendant's action was racially motivated, thereby creating a "disputed fact" as to motive. This misperceives the law. Indeed, the predicate for applying the qualified immunity defense is that motive is irrelevant. Qualified immunity "turns only upon the *objective reasonableness*" of the defendant's acts, thus a defendant's subjective state of mind has no bearing on whether that defendant is entitled to qualified immunity. Crawford-El v. Britton, 523 U.S. 574, 588 (1998); Thompson v. Upshur County, Texas, 245 F.3d at 457.³ Plaintiff either could not or chose not to respond to defendant's arguments regarding the objective reasonableness of their actions and cannot be heard now to complain about the result.

Third, plaintiff repeats his thoroughly unsupported assertions that his solitary e-mail was part of a "continuing dispute over the proper accounting and application of federal funding . . ." Motion for Reconsideration at 6. As the Court noted in its Order, "there is simply nothing in Plaintiff's e-mail to indicate that was his intention or that he had even contemplated this." Order at p. 6, n. 2. Once again, the only evidence to which plaintiff points is a letter, written ten months later by Adams and Nelson, two professors at Texas A&M, on which plaintiff's name nowhere appears. Plaintiff is unable to point to any record evidence, including his own deposition, demonstrating that plaintiff ever publicly voiced the concerns expressed in the

---

³ At page 6, plaintiff argues that the factual bases for his discrimination claim are: that he is a member of a protected racial minority, and "that each of the named defendants participated in denying him a promotion and tenure by applying criteria different from that applied to other faculty." Indeed, plaintiff's Opposition failed utterly to offer even a scintilla of evidence as to the criteria applied to other tenure candidates. He offered no evidence whatsoever that any other candidate for tenure with a record remotely as abysmal as his received tenure. Thus, there was no material issue of disputed fact as to his qualifications for tenure relative to other tenure candidates.

Adams-Nelson letter. Rather, as the Court correctly held, plaintiff's e-mail had to do with his personal working conditions and the likely effect a budget cut would have on his planning.

Fourth and finally, plaintiff's assertion that the Court erroneously dismissed his Title VI claim is just plain wrong. Contrary to his bald assertion, plaintiff offered no testimony, no document, not even an affidavit, averring that he complained to a superior about racial discrimination against students. Instead, he proffered direct and hearsay evidence that one or more graduate students felt themselves to be victims of discrimination, and evidence that plaintiff complained about having to spend his own research funds to support his postgraduate research assistant (an individual who was an employee, not a student).[4] Such "evidence" is legally insufficient to state a claim for retaliation for opposing discrimination violative of Title VI.

---

[4] Plaintiff's citation to this incident in his Opposition (which he references in his motion for reconsideration at p. 8), is grossly misplaced; this incident was thoroughly discussed in defendants' motion for summary judgment and again in their reply brief, and the documentary evidence leaves no room for doubt as to what happened. Not only was Dr. Yavuz not a student and, thus, opposition to any alleged discrimination against him would be covered by Title VII, not Title VI, but the record evidence makes abundantly clear that Dr. Klein was adamant that Dr. Yavuz be paid, chastised plaintiff for proposing not to pay him, and insisted that the money come from plaintiff's university funds. Plaintiff's protests were entirely devoted to his ire with Dr. Klein for making him pay his employee and had nothing whatever to do with any concern for the treatment of Dr. Yavuz per se.

## CONCLUSION

As plaintiff's motion for reconsideration fails to demonstrate that this Court's Order was erroneous, defendants respectfully urge that his motion be promptly denied.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

TONI HUNTER
Chief, General Litigation Division

_____
LINDA A. HALPERN
Texas Bar No. 24030166
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX
ATTORNEYS FOR DEFENDANTS

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Opposition to Plaintiff's Rule 59 Motion for Reconsideration has been sent via certified mail, return receipt requested on 25th day of February, 2002 to:

David T. Lopez
David T. Lopez & Assoc.
3900 Montrose Boulevard
Houston, Texas 77006-4959

LINDA A. HALPERN
Assistant Attorney General